UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DECIDERIO ANIMAS, GLORIA JUAREZ
PEREZ, and SERGIO VASQUEZ, on behalf
of themselves and others similarly situated,

          Plaintiffs,

   -against-

BALCON QUITENO INC., d/b/a EL
BALCON QUITENO, FAUSTO
TENEZACA, LILIA TENEZACA, MARCO
TENEZACA, VINICIO TENEZACA, and
JOHN DOES 1–10, jointly and severally,

          Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-3763 (CBA) (PK)

**AMON, Chief United States District Judge:**

Plaintiffs Deciderio Animas, Gloria Juarez Perez, and Sergio Vasquez claim their former employers, defendants Balcon Quiteno, Inc., Fausto Tenezaca, Lilia Tenezaca, Marco Tenezaca, Vinicio Tenezaca, and John Does 1–10, failed to pay them adequately under, and otherwise comply with, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650 et seq. ("NYLL"). None of the defendants have appeared in these proceedings, and the Clerk of Court noted the default of the named defendants on September 12, 2014. (D.E. dated Sept. 12, 2014.) Plaintiff moved for a default judgment against the named defendants on October 29, 2014. (D.E. # 16.) This Court referred the motion to Magistrate Judge Viktor V. Pohorelsky for a Report and Recommendation ("R&R"), (D.E. dated Oct. 30, 2014), who issued an R&R recommending granting the plaintiffs' motion for a default judgment, (D.E. # 19, "R&R," at 3). The case was subsequently reassigned to Magistrate Judge Peggy Kuo. (D.E. dated Oct. 17, 2015).

1

## DISCUSSION

### 1. Standard of Review

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### 2. Plaintiffs' Recovery

Here, no party has raised an objection to the R&R, which the Court has therefore reviewed for clear error. Finding none, the Court adopts the R&R as the opinion of the Court, subject to the following clarifications concerning the size of plaintiffs' recovery from the named defendants. In some instances, the Court has arrived at slightly different numbers from those recommended because it calculated unpaid wages to partial weeks where appropriate, rather than rounding plaintiffs' schedules into full weeks.

Plaintiff Animas is entitled to $20,043.49 in unpaid wages, which includes underpayment for standard hours, unpaid overtime, and unpaid spread-of-hours compensation. He is further entitled to the same amount again in liquidated damages, and to pre-judgment interest calculated from November 15, 2013, accruing on his unpaid wages at a rate of approximately $4.94 per day until the date of judgment. Additionally, as recommended, Animas is entitled to $5,000.00 for wage notice and statement violations. He is therefore entitled to $45,086.98, as well as pre-

judgment interest in the amount of $4,279.97, and post-judgment interest as prescribed by 28 U.S.C. § 1961.

Plaintiff Perez is entitled to $54,882.21 in unpaid wages, which includes underpayment for standard hours, unpaid overtime, and unpaid spread-of-hours compensation. She is further entitled to $35,111.27 in liquidated damages, and to pre-judgment interest calculated from March 17, 2012, accruing on her unpaid wages at a rate of approximately $13.53 per day. Additionally, as recommended, Perez is entitled to $5,000.00 for wage notice and statement violations. She is therefore entitled to $94,993.48, as well as pre-judgment interest in the amount of $19,947.05, and post-judgment interest as prescribed by 28 U.S.C. § 1961.

Plaintiff Vasquez is entitled to $108,400.49 in unpaid wages, which includes underpayment for standard hours, unpaid overtime, and unpaid spread-of-hours compensation. He is further entitled to $63,675.11 in liquidated damages, and to pre-judgment interest calculated from May 30, 2011, accruing on his unpaid wages at a rate of approximately $26.73 per day. Additionally, as recommended, Vasquez is entitled to $5,000.00 for wage notice and statement violations. He is therefore entitled to $177,075.60, as well as pre-judgment interest in the amount of $47,203.22, and post-judgment interest as prescribed by 28 U.S.C. § 1961.

Finally, the Court adopts in full the recommended award of $4,090.00 in attorney's fees.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, with minor adjustments to the calculations for the amount of the judgment. The Clerk of Court is directed to enter judgment against the named defendants, jointly and severally, and in favor of the plaintiffs: $49,366.95 for

Deciderio Animas, $114,880.53 for Gloria Juarez Perez, and $224,278.82 for Sergio Vasquez, plus $4,090 in attorneys' fees, and post-judgment interest as prescribed by 28 U.S.C. § 1961.

The only remaining defendants in this case are John Does. Although plaintiffs have not moved for a default judgment against the John Doe defendants, (see D.E. # 16), they have also not sought to dismiss those defendants from the case. The John Doe defendants have never been served, as required by Federal Rule of Civil Procedure 4(m). Within 14 days of the date of this Order, plaintiffs are directed to show good cause for their failure timely to serve the John Doe defendants. Failure to demonstrate such cause will result in the claims against the John Doe defendants being dismissed without prejudice. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002) ("As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a sua sponte dismissal.") Alternatively, plaintiffs may seek voluntary dismissal of the John Doe defendants.

SO ORDERED.

Dated: March 30, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

4